IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DSSDR LLC, | |
| Plaintiff, | No. C 12-04336 JSW |
| v. | |
| ZENITH INFOTECH LTD, | **ORDER GRANTING MOTIONS TO DISMISS** |
| Defendant. | |

Now before the Court is the motion to dismiss or to transfer filed by Defendants Zenith Infotech Ltd. ("Infotech") and Akash Saraf (collectively referred to as "Infotech Defendants") and the motion to transfer filed by Continuum Managed Services, LLC ("Continuum"), Michael George and Summit Partners, L.P. (collectively referred to as "Continuum Defendants"). The Court grants the motions and transfers this action to the District of Massachusetts.[1]

## BACKGROUND

In August 2009, Plaintiffs DSSDR, LLC and Andrew G. Bensinger, the sole member, officer and director of DSSDR, executed an agreement with Infotech to license backup disaster recovery ("BDR") technology developed by DSSDR. (Compl., ¶¶ 4, 19.) In September 2001, Infotech sold its remote monitoring and management ("RMM") business to Summit or Continuum. (*Id.*, ¶¶ 24, 27.) After the sale, Infotech continued to run its BDR business and

---

[1] Almost a month after the Infotech Defendants and the Continuum Defendants filed their reply briefs, Plaintiffs seek leave to file further declarations by Bensinger. Plaintiffs do not demonstrate why it was necessary for them to wait so long to file theses supplemental declarations. Nor do they demonstrate how these declarations respond to new arguments raised in the reply briefs. Accordingly, the Court DENIES Plaintiffs' request to file these supplemental declarations.

cloud computing business. Plaintiffs allege that, in selling part of its business to Continuum, Infotech breached the license agreement with DSSDR. (*Id.*, ¶¶ 30, 31.) Plaintiffs are concerned that Infotech disclosed DSSDR's confidential licensed technology to Continuum. (*Id.*, ¶ 31.)

Both DSSDR and Bensinger are residents of Florida. (Compl, ¶¶ 1, 3.) Infotech is a foreign corporation organized in India with its principal place of business in Mumbai, India. (*Id.*, ¶ 6.) Infotech's primary operations in the United States are in Pennsylvania. (Declaration of Michael George ("George Decl."), ¶ 8.) Saraf, the Managing Director and Chief Executive Officer, is a resident of India. (*Id.*, ¶¶ 5, 7.) Plaintiffs allege that Continuum is limited liability company organized under the laws of Delaware with its principle place of business in Pennsylvania. (*Id.*, ¶ 10.) The Continuum Defendants state that Continuum's principle place of business is in Massachusetts. (George Decl., ¶ 3.) George, the Chief Executive Officer of Continuum, resides in Massachusetts. (*Id.*, ¶ 2.) Summit is a limited partnership organized under the laws of Delaware with its principle place of business in Massachusetts. (*Id.*, ¶ 5.) Summit is a growth equity investment firm and investment funds affiliated with Summit own 74.5 percent of Continuum's equity. (*Id.*; *see also* Compl., ¶ 15.)

Plaintiffs allege that Infotech was and is in the business of providing and/or selling BDR technology through value-added resellers ("VARs"). (Compl., ¶ 8.)

The Infotech Defendants move to dismiss this action based on improper venue pursuant to 28 U.S.C. § 1391(b), or in the alternative, to transfer this action to the district court in Massachusetts under 28 U.S.C. § 1404(a). The Infotech Defendants also move to dismiss the complaint against Saraf on the grounds of lack of personal jurisdiction. The Continuum Defendants move to transfer this action to Massachusetts. The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

**A.     The Infotech Defendants' Motion to Dismiss for Improper Venue.**

The Infotech Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Plaintiffs bear the burden to establish that venue in this district is proper. *See Piemont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

2

This is a diversity action. Thus, venue is proper, *inter alia*, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(b)(2); *see also Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 198 (2000). In a contract action, relevant factors to consider are where the negotiations took place, where the contract was signed, or where performance or breach occurred. *See Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085. 1094 (N.D. Cal. 2003). "'[I]n a tort action, the locus of the injury [is] a relevant factor' in making this determination." *Fiore v. Walden*, 657 F.3d 838, 859 (9th Cir. 2011) (quoting *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001)); *see also Sidco Indus. Inc. v. Wimar Tahoe Corp.*, 768 F. Supp. 1343, 1347 (D. Or. 1991) (holding that in a trademark infringement case, venue is proper where the defendant's acts caused "confusion and diminution in the value of [the trademark]."). In this action, Plaintiffs bring both contract and tort claims.

"[T]he trial court is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2003). If venue is improper, a district court has discretion either to dismiss the action, or in the interest of justice, transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a); *see also Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n. 3 (9th Cir. 1982).

The Infotech Defendants argue that all of the events giving rise to Plaintiffs' claims took place either in Massachusetts, Pennsylvania, or India. In opposition to the motion to dismiss, Plaintiffs focus on demonstrating that the Infotech Defendants had sufficient minium contacts with California to support an assertion of personal jurisdiction against them. Regardless of the merits of Plaintiffs' position, such arguments not relevant to the determination of *venue*.[2]

---

[2] 28 U.S.C. § 1391(b)(3) provides that an action may be brought in "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." However, Plaintiffs do not argue, or more importantly demonstrate, that there is no other district in which an action may be brought against the Defendants. Accordingly, Section 1391(b)(3) not applicable here.

3

Plaintiffs argue that during the business relationship between DSSDR and Infotech, Bensinger and Saraf met an unspecified number of times in Fremont, California. (Opp. to Infotech Defendants' Mot. at 4.) The Infotech Defendants clarify that Bensinger and Saraf met between fifteen to twenty times during the course of their business relationship. Of those times, two or three were in California and two were in India. (Declaration of Akash Saraf in support of Infotech Defendants' Reply, ¶ 13.) Plaintiffs also argue that Infotech sold products and services to VARs, some of whom were located in California. (*Id*. at 3.) Plaintiffs assert that Infotech maintained an office and a full-time employee in Fremont, California who oversaw the assembly of hardware products manufactured by subcontractors for Infotech and that Infotech maintained four off-site data centers in the United States, three of which were managed by the Infotech employee in California. (*Id*. at 4-5.) Even if these facts argued by Plaintiffs are true, Plaintiffs have not shown how the facts giving rise to their claims arise in this district.

Notably, none of the parties to this lawsuit reside in California. Plaintiffs have not shown that either the license agreement or the sale agreement that purportedly breaches and/or interferes with the license agreement was executed, performed, or breached in California. Moreover, because both Plaintiffs reside in Florida, they did not suffer any injury here. Accordingly, Plaintiffs have not met their burden to demonstrate that venue in this district is proper. Therefore, the Court grants the Infotech Defendants' motion. However, because all defendants argue, and Plaintiffs do not dispute, that this action may have been brought in the United States District Court for the District of Massachusetts, the Court exercises its discretion to transfer this action to Massachusetts.

**B.     The Motions to Transfer.**

Both the Infotech and Continuum Defendants move to transfer this action to the district court in Massachusetts. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination of whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice

4

1 of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with
2 the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and
3 time of trial in each forum. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.
4 2000). The burden is on the moving party to demonstrate that the action should be transferred.
5 *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Venue
6 should not be transferred if the result is merely to shift the inconvenience to the other party. *Cf.*
7 *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

8 Generally, a court should give deference to the plaintiff's choice of forum unless a
9 defendant can show that other factors of convenience clearly favor a different forum. *See*
10 *Decker Coal Co.*, 805 F.2d at 843. However, "in contrast to the strong presumption in favor of
11 a domestic plaintiff's forum choice, 'a foreign plaintiff's choice deserves less deference.'"
12 *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (quoting *Piper Aircraft Co. v.*
13 *Reyno*, 454 U.S. 235, 256 (1981)). Moreover, a plaintiff's choice of forum is only entitled to
14 minimal consideration when "the operative facts have not occurred within the forum of original
15 selection and that forum has no particular interest in the parties or the subject matter." *Pac. Car*
16 *& Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "As deference accorded to a
17 Plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of
18 forum also decreases." *AV Media, Pte, Ltd. v. OmniMount Sys., Inc.*, 2006 WL 2850054, at *3
19 (N.D. Cal. Oct. 5, 2006) (citations omitted).

20 Neither of the Plaintiffs are California citizens. Because they are foreign plaintiffs, the
21 Court gives less deference to their choice of forum. *See Ravelo Monegro*, 211 F.3d at 513.
22 Moreover, as discussed above, the operative facts giving rise to Plaintiffs' claims did not occur
23 in this district. *See Pac. Car & Foundry Co.*, 403 F.2d at 954. Therefore, Plaintiffs' choice of
24 forum is given only minimal consideration.

25 In terms of the convenience of witnesses and the parties, the familiarity of the forum
26 with the applicable law, the ease of access to evidence and the relative court congestion and
27 time of trial in each forum, the Infotech Defendants and the Continuum Defendants demonstrate
28 that the district in Massachusetts is a more convenient forum for all parties. Plaintiffs do not

5

demonstrate, or even argue, otherwise. Accordingly, the Court finds that all of the factor weigh in favor of transfer and thus grants the motions to transfer.[3]

## CONCLUSION

The Court grants the Infotech Defendants motion to dismiss or, in the alternative, to transfer and grants the Continuum Defendants' motion to transfer. Accordingly, this action shall be transferred to the District of Massachusetts. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: January 3, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court finds that this case should be transferred, it need not address the Infotech Defendants' motion to dismiss Saraf based on lack of personal jurisdiction in California.

6